947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nick S. EMETERIO, Plaintiff-Appellant,
v.
Dennis KLIENSASSER, Medical Administrator, Central Office
DOC; D.W. Deere, DDS, Dentist for Arkansas Valley Facility,
Ronald Johnsen, Health Administrator, Arkansas Valley
Facility, Defendants-Appellees.
 No. 91-1168.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is an appeal from the district court's order of dismissal for failure to state a factual basis entitling the plaintiff to relief under 42 U.S.C. § 1983. Nick Emeterio broke a partial denture replacing three front teeth while he was incarcerated at the Arkansas Valley Correctional Facility. He was informed at the time that due to a backlog of cases at the dental laboratory, he would have to wait three to four months for a replacement bridge. Mr. Emeterio contends that the failure of various administrative and medical personnel of the Department of Corrections to fix or replace his broken bridge as an immediate priority constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment ban on cruel and unusual punishments.
 
 
 3
 On February 11, 1991, Mr. Emeterio presented his grievances in a hearing before Magistrate Abrams.[1] Upon reviewing the transcript of that hearing we, like the district court, adopt the magistrate's description of the facts. Of particular importance, we note that Mr. Emeterio did not suffer any serious medical consequences as a result of the delay in getting a new dental plate. We also heed the prison dental staff's determination that Mr. Emeterio's problem was not an emergency, and that scarce dental resources should be allocated first, although certainly not exclusively, to urgent complaints. Finally, we point out the undisputed evidence that preliminary dental work was necessary before Mr. Emeterio could have his bridge replaced, and that Mr. Emeterio failed to keep several appointments to have that work done. In light of these facts, we agree with the district court that Mr. Emeterio has failed to show either that he was the victim of "deliberate indifference to serious medical needs," Estelle v. Gamble, 429 U.S. 97, 104 (1976) (establishing standard for Eighth Amendment claims for lack of medical care), or that he was discriminated against in violation of the Equal Protection Clause.
 
 
 4
 Accordingly, the order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because Mr. Emeterio has had the opportunity to present his case fully, we deny his request for permission to amend his complaint, noting that any factual omissions in the complaint would have been, to the extent possible, remedied during the hearing